Aurora L. TREVINO et al., Appellants,

v.

Antonio LERMA et ux., Appellees.

No. 7409.

Court of Civil Appeals of Texas, Beaumont.

Sept. 28, 1972.

Rocha, Garza-Gongora & Haynes, Laredo, for appellants.

Oscar J. Pena, Laredo, for appellees.

KEITH, Justice.

The trial court having sustained a plea in abatement, dismissed plaintiffs' suit and this appeal follows. Plaintiffs, alleging that they were the "children and wife and sole heirs-at-law of Ignacio V. Lerma," brought suit to set aside a deed from the deceased to the defendants. They alleged that the deceased died intestate, that there was no administration of his estate pending and no necessity for such an administration. Further allegations were to the effect that the deceased, at a time when he was 81 years of age "of unsound mind, and under doctor's care, was then and for a long time prior and subsequent thereto, old, infirm and wholly incapable of transacting business," executed and delivered to the defendants a deed to his farm. Plaintiffs alleged that the consideration of $300 was grossly inadequate, etc. Plaintiffs sought a decree that the deed was null and void

"because of undue influence, mental incapacity and gross inadequacy of consideration."

The defendant answered by filing special exceptions followed by a plea of not guilty. Subsequently, defendants filed a "plea in abatement" saying that "Plaintiffs cannot maintain this action against them because they have not establish [sic] that they are heirs at law of Ignacio V. Lerma. That in order to maintain their action said Plaintiffs should first be required to establish that they are in fact heirs of the said Ignacio V. Lerma in accordance with Section 48, 49, and 50 of the Probate Code of the State of Texas [V.A.T.S.]."

Defendant's "plea in abatement" continued: "That this Honorable Court does not have original jurisdiction over an action to declare heirship and that therefore this action must be dismissed."

This plea in abatement was sustained and plaintiffs' suit was dismissed. In entering this order, the trial court fell into error requiring a reversal of the judgment.

Chief Justice Calvert, speaking for the Court in Texas Highway Department v. Jarrell, 418 S.W.2d 486, 488 (Tex.1967), clearly defined the distinction between dilatory pleas, saying:

> "As applied to a pending claim for relief or cause of action, a plea to the jurisdiction, if sustained, would require a dismissal; a plea in abatement, if sustained, would require an abatement of the claim or cause of action until some obstacle to its further prosecution was removed, Life Ass'n of America v. Goode, 71 Tex. 90, 8 S.W. 639, at 640; and a plea in bar, if sustained, would require a judgment that the claimant take nothing. Kelley v. Bluff Creek Oil Co., 158 Tex. 180, 309 S.W.2d 208, at 214."

■ We readily concede that exclusive original jurisdiction to determine heirship is conferred upon the county court sitting in probate and that the district court has no such original jurisdiction. Constitution of Texas, Art. 5, §§ 8, 16, Vernon's Ann. St.; Zamora v. Gonzalez, 128 S.W.2d 166, 168 (Tex.Civ.App., San Antonio, 1939, error ref.). However, this is not dispositive of the case presented by our record.

Judge Gaines, in Richardson v. Vaughan, 86 Tex. 93, 23 S.W. 640, 641 (1893), recognized the rule that "heirs cannot sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for one." In Bluitt v. Pearson, 117 Tex. 467, 7 S.W.2d 524, 525 (1928), the Court said that it is "indispensable that the plaintiffs' petition should contain an allegation that there is no administration and no necessity for one."

■ No precise form of words is required (Bluitt Case, supra), so long as the allegations are to be found within the plaintiff's petition. We have quoted the language from the plaintiffs' petition in the case at bar and find such allegations sufficient under the rule stated. See also the cases collated in 2 McDonald, Texas Civil Practice, (1970 Rev.Vol.) § 6.13, pp. 97, 98.

■ This being a suit to set aside a deed, the district court had exclusive jurisdiction to hear and determine the matter with the proper allegations as to capacity to sue previously noted. Art. 5, § 8, Constitution of Texas; Art. 1906, Vernon's Ann.Civ.St. Conversely, the plaintiffs could procure no relief in the probate court under the provisions of § 48 of the Probate Code.

The trial court having jurisdiction to hear and determine the controversy as presented by the pleadings of the plaintiffs below, it was error to sustain the plea in abatement and dismiss the suit. Zamora v. Gonzalez, supra.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.