Helen L. JANSEN, et al., Appellants,

v.

Virginia Ann FITZPATRICK, Appellee.

No. 14–98–00879–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 2, 2000.

Kurt Arbuckle, Houston, for appellants.

Jerry K. Atkins, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

This is an appeal from the trial court's dismissal of a declaratory judgment action for lack of jurisdiction. We reverse and remand this case to the trial court.

### FACTUAL BACKGROUND

In January 1993, Geraldine M. Putnam ("Geraldine"), then 80 years old, transferred by deed real property she owned in Fort Bend County, Texas, to her niece, Virginia Ann Fitizpatrick ("Virginia"). Geraldine died approximately two months later.

At the time of her death, Geraldine was a widow with no children; however, she had a host of other relatives. She left a will naming the following people as her residuary beneficiaries: her late husband's daughter, Frances Ann Putnam ("Frances"), and her sisters, Nellie C. Momberger ("Nellie"), Helen L. Jansen ("Helen"), Edith L. May ("Edith"), Lois E. Parsons ("Lois"), and Ruby C. Reed ("Ruby"). The residuary beneficiaries would have received shares in the Fort Bend County real property had Geraldine not made a deathbed conveyance of it to Virginia. .

Geraldine's will specified that the share of any named beneficiary who failed to survive her would go to the descendants of such beneficiary *per stirpes,* i.e., proportionally divided among the beneficiaries according to their deceased ancestor's share. Ruby predeceased Geraldine and was survived by her daughter, appellant Dorothy Reed Domjanovich ("Dorothy"). But for the conveyance to Virginia, Dorothy, as a residuary beneficiary, would have received a share of the Fort Bend County property under Geraldine's will.

Nellie, Helen, Lois, and Dorothy filed suit against Virginia in the 268th District Court of Fort Bend County, Texas. They sought a judicial declaration that (1) the deed conveying the real property to Virginia was of no force and effect and (2) the property belonged to Geraldine's estate. Neither Frances (Geraldine's step-daughter) nor Edith (Virginia's mother) joined the suit. While the litigation was pending, Nellie, Helen, and Lois all died, and the following new plaintiffs were substituted:

Jean Hopper ("Jean"), Marian Stevenson ("Marian"), and Betty Hoer ("Betty"), as surviving descendants, were substituted for Nellie, their mother;

John Jansen ("John"), George Jansen ("George"), and Rolf Jansen ("Rolf"), as surviving descendants, were substituted for Helen, their mother; and

Denise Lawrence ("Denise") and Dennis Lawrence ("Dennis"), through a trust established for their benefit, were substituted as surviving descendants for Lois, their grandmother.

Therefore, all of the appellants, except Dorothy, claim to be the descendants of residuary beneficiaries under Geraldine's will.

The substituted plaintiffs/appellants filed an amended petition in which they sought to have the deed Geraldine gave to Virginia set aside on the grounds that Geraldine was incompetent at the time she signed the deed and that she had executed it only as a result of Virginia's undue influence. Virginia had been the attorney in fact for Geraldine at the time of the conveyance and was also the independent executrix of Geraldine's estate. The appellants claimed that, as a fiduciary, Virginia had the burden of showing that Geraldine's conveyance of the property to her was fair and reasonable. The appellants sought an order from the trial court canceling the deed to Virginia so that ownership of the Fort Bend County property would revert to Geraldine's estate and pass to them under Geraldine's will. By that time, Geraldine's will had been admitted to probate in the County Court at Law Number One of Fort Bend County.

Virginia alleged that because Nellie, Helen, Lois, and Ruby had died, the appellants were required by law to show their interest "by a determination of heirship or other judicial proceeding in the county of the residence of their deceased ascendent in order to authenticate their claim in this matter." In response to this allegation, the appellants filed a First Supplemental Petition which stated that: "Helen L. Jansen died;" her unprobated will "gave all of her property in equal shares to her three sons;" and "[i]n an intestate proceeding, ... [Helen's] property at the time of her death would go to her three sons." The First Supplemental Petition also stated, "[t]he last Will of Helen Jansen has not been probated because at her death she owned no property, except personal effects, and this contingent interest in a lawsuit."

Virginia filed a pleading entitled "Motion in Limine," claiming that the appellants lacked standing because they were not "interested parties" under section 3(r) of the Texas Probate Code. To support her standing challenge, Virginia argued that the appellants had not established that they are the successors in interest to the residuary beneficiaries named in Geraldine's will "by the probating of the deceased's will or by the determination of heirship or other intestate succession proceeding." Virginia moved the trial court to dismiss the appellants' action in its entirety for lack of jurisdiction. The trial court found that the appellants "are not 'interested parties' in decedent's estate and therefore lack standing to prosecute this lawsuit." [1]

## PROCEDURAL IRREGULARITIES

At the outset, we are compelled to point out that a motion in limine is not the proper procedural tool to challenge a party's standing to sue or a court's jurisdiction to hear a claim in a suit seeking to set aside a deed. [2] A plea to the jurisdic-

---

1. The appellants requested the trial court to state in writing its findings of fact and conclusions of law, but the trial court declined to do so.

2. "A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make." MICHOL O'CONNOR, ET AL., O'CONNOR'S TEXAS RULES CIVIL TRIALS 225 (1999). The purpose of filing a motion in limine is "to prevent the presentation of *potentially* prejudicial information" in front of a jury before a ruling can be obtained. *Austin v. Shampine*, 948 S.W.2d 900, 912 (Tex.

App.—Texarkana 1997, writ withdrawn). In a particular circumstance, i.e., will contests, a motion in limine is the proper method of disputing the interest of the party contesting the will. *See Matter of the Estate of Hill*, 761 S.W.2d 527, 528 (Tex.App.—Amarillo 1988, no writ); *Sheffield v. Scott*, 620 S.W.2d 691, 693–94 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). However, we are not aware of any case in which a trial court has utilized a hearing *in limine* proceeding to decide standing in anything other than a will contest. Here, the appellants seek to set aside a deed; they are not contesting Geral-

tion is the proper procedural tool to challenge a suit brought in one court when another court has continuing and exclusive jurisdiction. *See Trevino v. Lerma,* 486 S.W.2d 199, 200 (Tex.Civ.App.—Beaumont 1972, no writ) (concerning determining heirship in a suit to set aside a deed); *see also Howe State Bank v. Crookham,* 873 S.W.2d 745, 746 & 749–50 (Tex.App.—Dallas 1994, no writ) (concerning a matter incident to an estate). The goal of a plea to the jurisdiction is to have the trial court dismiss the cause of action. *See Speer v. Stover,* 685 S.W.2d 22, 23 (Tex.1985). Inasmuch as Virginia's "Motion in Limine" challenged the court's jurisdiction and sought dismissal of the appellants' claims, we will treat it as a plea to the jurisdiction.

## JURISDICTION

■ To establish subject matter jurisdiction, the pleader must allege facts that affirmatively demonstrate the court's jurisdiction to hear the case. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). When a case is dismissed for want of jurisdiction, the appellate court must accept as true all of the factual allegations in the plaintiff's pleadings. *See Firemen's Ins. Co. of Newark, N.J. & C.I.T. v. Board of Regents of the U.T. Sys.,* 909 S.W.2d 540, 542 (Tex. App.—Austin 1995, writ denied). In reviewing a trial court's decision to dismiss for lack of jurisdiction, we construe the petition in favor of the party bringing the claim. *See Texas Ass'n of Bus.,* 852 S.W.2d at 446; *Firemen's Ins. Co.,* 909 S.W.2d at 542. Because the concept of "standing" is an element of subject matter jurisdiction, it is generally reviewed under the same standard as subject matter jurisdiction. *See Texas Ass'n of Bus.,* 852 S.W.2d at 446.

■ When the lack of jurisdiction can be determined by the allegations in the plaintiff's petition, there is no need for the court to receive evidence. *See id.* Conversely, when the lack of jurisdiction is

not apparent from the face of the plaintiff's pleading, the defendant must prove any assertions of fraudulent allegations of jurisdiction, either by filing affidavits and discovery products or by calling live witnesses at a hearing. *See Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex.1996). If the court does not have jurisdiction over the subject matter of the suit, it must dismiss the case without prejudice. *See Bell v. State Dept. of Highways & Pub. Transp.,* 945 S.W.2d 292, 295 (Tex.App.—Houston [1st Dist.] 1997, writ denied). Thus, as a threshold matter, we must determine whether a lack of jurisdiction is apparent from the face of the plaintiffs/appellants' pleading. If we cannot conclude that the court lacks jurisdiction from the face of the pleadings, then we may consider any evidence of fraudulent allegations the defendant produced.

## Jurisdictional Allegations on the Face of the Plaintiffs' Pleadings

■ If a party judicially admits facts that establish a plaintiff's standing to bring suit, she is estopped from claiming the plaintiff has no standing. *See Shepherd v. Ledford,* 962 S.W.2d 28, 33 (Tex. 1998). We have discretion to accept statements made in the briefs as true. *See Bowles v. Wade,* 913 S.W.2d 644, 649 (Tex. App.—Dallas 1995, writ denied). In appellee's brief, Virginia acknowledges that the appellants "plead that they are successors in interest to the residuary beneficiaries" of Geraldine's will. By this statement, Virginia judicially admitted that the appellants pled they were successors in interest to the residuary beneficiaries. This judicial admission establishes that the appellants' pleadings contain allegations which, taken as true, demonstrate that they have standing.

■ Notwithstanding Virginia's judicial admission, standing of at least some of the appellants is also established through the pleadings. First, we note that, taking

dine's will. To the contrary, their claim de-

pends upon the validity of her will.

**432**

the pleadings as true, the district court did not have to decide if Dorothy is the heir of a residuary beneficiary. Under Geraldine's will, if a named residuary beneficiary does not survive Geraldine, the beneficiary's share passes to her descendants, and they are then residuary beneficiaries. The first amended petition alleges that Dorothy is a residuary beneficiary because her mother, Ruby, predeceased Geraldine. It is undisputed that the residuary beneficiaries have standing. Therefore, as a residuary beneficiary, Dorothy has standing.

As for the remaining appellants (Jean, Marian, Betty, John, George, Rolf, Denise, and Dennis), we look first at whether the district court has subject matter jurisdiction to decide if the appellants are heirs of the residuary beneficiaries. Then, we determine whether these appellants have standing, i.e., whether they are heirs of the residuary beneficiaries.

 In a suit to set aside a deed, the district court has exclusive jurisdiction to hear and determine the matter when the proper allegations as to capacity to sue are made and proven. See TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.007 (Vernon 1988); see also Trevino, 486 S.W.2d at 200. The Texas Probate Code grants exclusive jurisdiction to county courts sitting in probate *only* when the controlling issues are the settlement, partition, or distribution of an estate.[3] See Bell v. Hinkle, 562 S.W.2d 35, 37–38 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). In a non-probate matter, the district court may assume jurisdiction and determine the heirs of the decedent as long as there is no probate proceeding pending in the county court. See Estate of Maxey, 559 S.W.2d 458, 460 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); see also Trevino, 486 S.W.2d at 200 (finding the district court had exclusive juris-

diction to determine heirship in suit to set aside a deed). However, for a court to have jurisdiction to determine heirship, the estate must own real property, or if there is none, personal property, in that county. See TEX. PROB.CODE ANN. § 48 (Vernon 1980). The definition of personal property includes choses in action. See id. at § 3 (Vernon Supp.1999). A chose in action is a personal right not reduced to possession, but recoverable by a lawsuit. See Vinson & Elkins v. Moran, 946 S.W.2d 381, 389 (Tex.App.—Houston [14th Dist.] 1997, writ dism'd by agr.). A right to set aside a deed is a personal right and therefore a chose in action. See Glenney v. Crane, 352 S.W.2d 773, 777 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.); see also McMeens v. Pease, 878 S.W.2d 185, 190 (Tex.App.—Corpus Christi 1994, writ denied) (finding a suit to set aside a deed is a suit of a personal nature and not a suit to recover real estate).

 The pleadings state that there is no probate proceeding for Helen pending in the county court. The residuary beneficiaries had a right to bring suit to set aside a deed in Fort Bend County (a chose in action) and therefore have personal property in Fort Bend County. The pleadings state that, at the time of her death, Helen had no property except personal effects and an interest in this lawsuit. Therefore, the district court has general subject matter jurisdiction under section 48 of the Probate Code to hear and determine Helen's heirs.

The pleadings do not address whether probate proceedings are pending for Lois and Nellie, nor do they indicate whether these residuary beneficiaries had real property. Therefore, absent Virginia's judicial admission, we could not find that the trial court had general subject matter jur-

---

3. We do not dispute that proceedings to determine heirship are under the exclusive jurisdiction of the county court sitting in probate and that the district court has no such original jurisdiction. See TEX. PROB.CODE ANN. § 48 (Vernon 1980); Bell v. Hinkle, 562 S.W.2d 35,

37 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); Trevino, 486 S.W.2d at 200. However, this provision is not dispositive of the case presented by our record because this case was brought to set aside a deed and not to determine heirship.

isdiction for the claims of their descendants (Jean, Marian, Betty, Denise, and Dennis).

 Virginia contends that the parties must be domiciled and have their residence in the county where the suit is brought before a court in that county can determine heirship in an action to set aside a deed. We assume by "parties," Virginia is referring to the residuary beneficiaries.[4] Application of such a rule would send the appellants scurrying to the four corners of the country or beyond to get determinations of heirship before they could participate in a single proceeding to set aside a deed. This result would not only frustrate the spirit of the statutory scheme but would also undermine public policy which encourages judicial economy and discourages an unnecessary multiplicity of actions.

 We next consider whether Helen's sons (John, George, and Rolf) have standing independent of Virginia's judicial admission. Standing relates to whether a litigant is the proper person to bring an action. *See Texas Ass'n of Bus.,* 852 S.W.2d at 446. When a plaintiff dies while a lawsuit is still pending, his or her heirs, administrator, or executor may be made plaintiffs. *See* Tex.R. Civ. P. 151. Heirs must allege that an administration is neither open nor necessary. *See Bluitt v. Pearson,* 117 Tex. 467, 7 S.W.2d 524, 525 (1928); *Trevino,* 486 S.W.2d at 200. Specific words are not required, but the facts to support these allegations must be found in the plaintiff's pleadings. *See id.* While Helen's sons do not expressly allege that they are "heirs" in the pleadings, we find the following allegations are sufficient: "Helen L. Jansen died;" her unprobated will "gave all of her property in equal shares to her three sons;" and "[i]n an intestate proceeding, ... [Helen's] property at the time of her death would go to her three sons." We also find that the allegation that "[t]he last Will of Helen Jansen has not been probated because at her

death she owned no property, except personal effects, and this contingent interest in a lawsuit" is sufficient to allege that there is no administration and no necessity for one. Therefore, taking the allegations in the pleadings as true, Helen's sons (John, George, and Rolf), as well as Dorothy, have standing to bring suit against Virginia even in the absence of Virginia's judicial admission.

### Evidence of Fraudulent Allegations

 Given that the trial court did not lack jurisdiction from the face of the appellants' pleadings, it was incumbent upon Virginia, as the defendant challenging jurisdiction, to assert and prove that the allegations in the pleadings were fraudulent either by filing affidavits and discovery products or by calling live witnesses to testify. *See Continental Coffee,* 937 S.W.2d at 449. Virginia neither asserted nor proved that the allegations of jurisdiction were fraudulent. At the hearing, Virginia did not put on any evidence or offer any affidavits or other proof to establish her claim that the court lacked jurisdiction to hear the case. In fact, Virginia's counsel advised the trial court that Virginia's motion *assumed* the appellants' supplemental pleading "to be the truth on its face." Through counsel, Virginia also advised the trial court that the hearing on the motion involved a pure question of law and that there was no reason to take any evidence. Because the pleadings establish jurisdiction and Virginia did not meet her burden of showing the district court lacked jurisdiction, the trial court erred in dismissing the suit as to Helen's heirs (John, George, and Rolf) and Dorothy.

### Conclusion

The pleadings sufficiently allege standing for all the appellants because Virginia judicially admitted that the pleadings contain facts that give the appellants standing

---

4. It is irrelevant where the heirs live when deciding where to bring an heirship proceed-

ing. *See* Tex. Prob.Code Ann. § 48 (Vernon 1980).

to bring their claims. Additionally, and independent of Virginia's judicial admission, the face of the pleadings demonstrate that (a) the trial court had jurisdiction to determine Helen's heirs, and (b) John, George, Rolf, and Dorothy have standing. Because Virginia brought forth no evidence to show the allegations in the appellants' pleadings were false, she failed to establish that the court lacked jurisdiction. Therefore, it was error for the court to dismiss the suit based on lack of jurisdiction.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.