Opinion issued November 21, 2002











  






In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00080-CV




LYNDA JOY JOLLEY, Appellant

V.

SANDRA GAIL SAMPLES, Appellee




On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 88-52907




O P I N I O N
          Appellant, Lynda Joy Jolley, filed a suit affecting the parent-child relationship
(SAPCR) to be appointed a joint managing conservator of the child, B.J.S. The trial
court denied the petition on the basis that Jolley had no standing. Jolley then brought
this appeal. We reverse and remand.
Procedural Background
          Jolley brought this SAPCR suit pursuant to Section 102.003(9) of the Texas
Family Code and petitioned the trial court to be appointed joint managing conservator
of the child. The child’s mother, appellee Sandra Gail Samples, initially opposed the
appointment, but the parties eventually agreed to allow Jolley visitation rights in
return for providing child support to Samples. 
          Jolley and Samples submitted an agreed order memorializing their agreement,
but the trial court wrote “denied” on the order and made a docket entry of “no
controversy.” The parties never learned about the denial.
          Jolley then filed an unopposed motion for rendition of decree with proposed
order appointing Jolley as joint managing conservator, which had been executed by
both Jolley and Samples. At an oral hearing, the trial court was still unwilling to sign
the proposed order and gave Jolley time to brief the “no claim or controversy” issue
raised by the trial court. After receiving Jolley’s brief, the trial court heard argument,
and again denied Jolley relief, noting, “no particular controversy” on the docket sheet. 
It appears from the record that no evidence was heard at either of the hearings.           The trial court then signed a final judgment denying all relief sought by Jolley. 
The trial court stated in its order, “This Court declines to grant the relief sought in
that no actual claim or controversy between the parties exists at this time.”
          Jolley filed both a motion for new trial and a motion to recuse the trial judge. 
The motion to recuse was denied just one day before the motion for new trial was to
be overruled by operation of law. Although Jolley attempted to obtain a hearing on
her motion for new trial, the trial court did not hold a hearing until after the motion
for new trial had been overruled by operation of law. Jolley then filed a “Motion To
Invoke the Court’s Plenary Power Regarding Petitioner’s Motion for New Trial,” to
which she attached an affidavit setting forth the facts of her relationship with B.J.S.
and his mother, Samples. This affidavit, however, was not before the trial court at the
time it dismissed Jolley’s case. Therefore, we do not consider the allegations in the
affidavit on appeal. Instead, we look solely to the allegations of Jolley’s petition to
determine whether she has shown standing.
Standing to Bring the SAPCR
          In point of error one, Jolley contends that the trial court erred by dismissing her
SAPCR proceeding after concluding that Jolley had no standing.
Standard of Review
          Because standing is a component of subject-matter jurisdiction, we review a
trial court’s determination of standing de novo. Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). In reviewing a dismissal for lack of jurisdiction, we
construe the pleadings in favor of the plaintiff and accept as true all of the factual
allegations in the plaintiff’s pleadings. Jansen v. Fitzpatrick, 14 S.W.3d 426, 431
(Tex. App.—Houston [14th Dist.] 2002, no pet.). Although we may consider
evidence relevant to the jurisdictional issue, see Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000), no evidence was presented to the trial court in this
case.
Standing Under Section 102.003(a)(9)
          The Family Code provides of laundry list of persons who have standing to file
a SAPCR proceeding. See Tex. Fam. Code Ann. § 102.003 (Vernon Supp. 2002). 
Jolley contends that she has standing to bring the SAPCR under section 102.003(a)(9)
of the Texas Family Code, which provides:
          (a) An original suit may be filed at any time by:
(9) a person, other than a foster parent, who has had actual care, control,
and possession of the child for at least six months ending not more than
90 days preceding the date of the filing of the petition.

Tex. Fam. Code Ann. § 102.003(a)(9) (Vernon Supp. 2002).

Standing Allegations in the Petition 
          Jolley’s petition recites the language of section 102.003(a)(9), and specifically
alleges that “the child has resided in the home of [Jolley] and [Jolley] has had care,
control, and possession of the child for over six months ending not more than 90 days
prior to the date of the filing of this petition.” These standing allegations were never
contested before the trial court. Likewise, there is no evidence in the record to show
that the trial court ever held an evidentiary hearing on the standing issue. Absent
evidence to the contrary, we accept the standing allegations as true. See Jansen, 14
S.W.3d at 431.
          Because Jolley’s petition alleges sufficient facts to establish standing under §
102.003(a)(9), and there is no controverting evidence in the record, we hold that the
trial court erred by dismissing Jolley’s petition based on her lack of standing.
Conclusion
          Accordingly, we reverse the judgment of the trial court and remand for further
proceedings.
 
                                                                        Sherry Radack
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.