Reversed and Remanded and Opinion filed April 13, 2010.  

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01109-CV

___________________

 

Gatesco, Inc. Ltd. & 2205 Ave. I Ltd.,
Appellants

 

V.

 

The City of Rosenberg & Joe M. Gurecky,
mayor, Appellees



 



 

On
Appeal from the County Court at Law No. 1

Fort Bend County,
Texas



Trial Court Cause No. 08-CCV-036481

 



 

 

OPINION

Appellants Gatesco, Inc. Ltd. and 2205 Ave. I Ltd.
challenge the trial court’s order granting a plea to the jurisdiction in favor
of appellees the City of Rosenberg and the City’s mayor, Joe. M. Gurecky
(collectively “Rosenberg”).  We reverse the trial court’s order and remand for
further proceedings.  

                                                                                                                 
I.           
Factual and Procedural Background

Rosenberg is a home-rule city located in Fort Bend
County.  Gatesco purchased commercial property (“the Property”) located within
Rosenberg’s city limits in 1996 and then sold the Property to 2205 Ave. I in
2006.  Rosenberg’s Code of Ordinances authorizes Rosenberg to provide water and
sewer services to its residents, and Rosenberg has continuously provided these
services to the Property since 1996.  Rosenberg has at all times charged
monthly water and sewer service fees by using a graduated scale based on the Property’s
monthly water consumption, with a minimum charge based on the monthly use of up
to 2,000 gallons of water.  2205 Ave. I learned in early 2008 that Rosenberg has
consistently charged a monthly rate of eight times the minimum rate for water
and sewer services since Gatesco purchased the Property.  Appellants believed
this multiple-rate charge was improper and demanded that Rosenberg refund these
alleged overcharges (the “Overcharges”).  Rosenberg declined to refund any fees,
and appellants subsequently filed suit.  Appellants sought (1) declaratory
relief stating that Rosenberg unlawfully overcharged appellants for water and
sewer services and that Rosenberg’s enforcement of its Code of Ordinances violated
appellants’ constitutional rights, (2) prospective injunctive relief enjoining
Rosenberg from violating appellants’ constitutional rights by collecting
excessive fees for water and sewer services, (3) reimbursement of all Overcharge
amounts paid from 1996 to the present through the equitable doctrine of money
had and received, and (4) recovery of interest, costs, and attorney’s fees.  

Rosenberg filed a plea to the jurisdiction, or
alternatively, motion for summary judgment, challenging the trial court’s subject
matter jurisdiction on two grounds.  First, Rosenberg argued that the Texas
Commission on Environmental Quality (“TCEQ”) possessed primary or exclusive appellate
jurisdiction over appellants’ water and sewer rate claims.[1]  Second, Rosenberg
claimed that governmental immunity[2]
barred appellants’ claims seeking equitable reimbursement of any Overcharge
amounts and appellants’ claims for costs and attorney’s fees.  Following a
hearing, the trial court granted Rosenberg’s plea to the jurisdiction.  Appellants
raise two issues on appeal challenging the trial court’s order.  

                                                                                                                                                                 
II.           
Analysis

a)     Standard
of Review

A plea to the court’s jurisdiction challenges a trial
court’s authority to determine the subject matter of a controversy.  See State
v. Holland, 221 S.W.3d 639, 642 (Tex. 2007); Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554 (Tex. 2000).  Subject matter jurisdiction is
essential to a court’s authority to act and, as such, cannot be waived.  Cont’l
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 448 n.2 (Tex. 1996).  The
plaintiff bears the burden to plead facts affirmatively demonstrating subject
matter jurisdiction.  See Holland, 221 S.W.3d at 642; Jansen v.
Fitzpatrick, 14 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2000, no
pet.).  The trial court must dismiss the suit without prejudice upon a finding
that it lacks subject matter jurisdiction.  Jansen, 14 S.W.3d at 431.  A
plea to the jurisdiction raises a question of law and is reviewed de novo on
appeal.  Westbrook v. Penley, 231 S.W.3d 389, 394 (Tex. 2007); Holland,
221 S.W.3d at 642.  

A plea to the jurisdiction can challenge either the
pleadings or the existence of jurisdictional facts.  Tex. Dep’t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226–27 (Tex. 2004).  If the plea
to the jurisdiction challenges the pleadings, we determine whether the pleader
has alleged facts that affirmatively demonstrate the trial court’s jurisdiction
to hear the case.  Id. at 226.  We look to the pleader’s intent, liberally
construe the pleadings in favor of the plaintiff, and will afford the plaintiff
the opportunity to amend if the pleadings do not show sufficient facts to
affirmatively demonstrate trial court jurisdiction but do not affirmatively
demonstrate incurable defects in jurisdiction.  Id. at 226–27.  A plea
to the jurisdiction may be granted without an opportunity for plaintiff to
amend if the pleadings affirmatively negate the existence of jurisdiction.  Id.
at 227.  

b)    
Does the TCEQ have Primary or Exclusive Appellate Jurisdiction
over Appellants’ Water and Sewer Service Rate Claims?

Appellants contend in their first issue that the
trial court erred in finding it lacked appellate jurisdiction over their water
and sewer service rate claims.  Rosenberg’s plea to the jurisdiction asserted
that the TCEQ was required to hear these claims before the trial court gained
jurisdiction over the case.  However, this court recently held that section
13.042 of the Texas Water Code does not grant the TCEQ exclusive or primary
jurisdiction over challenges to water rates charged by municipalities.  See
Tara Partners, Ltd. v. City of S. Houston, 282 S.W.3d 564, 571–75 (Tex.
App.—Houston [14th Dist.] 2009, pet. denied) (discussing the TCEQ’s appellate
jurisdiction over water rate claims under section 13.042(d) of the Texas Water
Code).  Because appellants’ claims are similar to those raised by the Tara
plaintiffs,[3]
Rosenberg now concedes that the trial court had jurisdiction over appellants’
water rate claims and asks us to remand the case for a consideration of these
claims.  Accordingly, we hold the trial court erred in finding that the TCEQ
possessed exclusive or primary appellate jurisdiction over appellants’ water
rate claims and sustain appellants’ first issue.  

c)     Does
Governmental Immunity Bar Appellants’ Claims for Equitable Relief?  

In their second issue, appellants argue that the
trial court erred in granting Rosenberg’s plea to the jurisdiction because their
claims for equitable relief are not barred by governmental immunity.[4]  Governmental
immunity from suit defeats a trial court’s subject matter jurisdiction and is
thus properly asserted in a plea to the jurisdiction.  Miranda, 133
S.W.3d at 225–26; see also Tex. Dep’t of Transp. v. Jones, 8
S.W.3d 636, 638 (Tex. 1999) (stating governmental immunity bars suit unless the
party suing the governmental entity establishes the State’s consent either by
reference to a statute or to express legislative permission).  The Declaratory
Judgments Act (“DJA”) provides an express waiver of governmental immunity for
declaratory relief, but not for money damages.  See Tex. Civ. Prac. & Rem. Code Ann. §
37.004(a) (Vernon 2008) (providing for a “declaration of rights, status, or
other legal relations” when the construction or validity of a municipal
ordinance is challenged); City of El Paso v. Heinrich, 284 S.W.3d 366,
370–71 (Tex. 2009) (reaffirming the rule that the DJA does not authorize
circumvention of sovereign immunity by characterizing a suit for money damages
as a declaratory-judgment claim).  Additionally, governmental immunity will not
defeat a claim for declaratory or injunctive relief seeking the refund of
illegally collected taxes or fees if the plaintiff alleges “‘that the payments
were made as a result of fraud, mutual mistake of fact, or duress, whether
express or implied.’”  See Tara Partners, 282 S.W.3d at 576 (quoting
Nivens v. City of League City, 245 S.W.3d 470, 474 (Tex. App.—Houston [1st
Dist.] 2007, pet. denied)); see also Dallas County Cmty. Coll. Dist. v.
Bolton, 185 S.W.3d 868, 876–79 (Tex. 2005); Camacho v. Samaniego,
954 S.W.2d 811, 822 (Tex. App.—El Paso 1997, pet. denied).

Appellants assert in their pleadings that they are
entitled to an equitable declaration that Rosenberg unlawfully collected the
Overcharges and that they are entitled to a refund of the Overcharges.  This
argument is based on appellants’ contention that the Overcharges are not
Rosenberg’s property.  See Nivens, 245 S.W.3d at 474 (“The revenue
generated from a tax determined to be illegal should not be treated as property
of the State or municipality to which the principles of sovereign immunity
apply . . . .”).  Rosenberg originally argued in its plea to the
jurisdiction that if the TCEQ did not have primary or exclusive jurisdiction
over the case, appellants’ claims for equitable relief were barred by governmental
immunity because they were nothing more than claims for money damages.[5]  See Tex. Natural
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 856 (Tex. 2002)
(holding a breach of contract suit for money damages could not be characterized
as a declaratory judgment suit to defeat sovereign immunity).  After conceding
the trial court’s jurisdiction in its brief, Rosenberg presented a new theory
for why it was immune from appellants’ claims for equitable relief: “[a]ppellants
have not pleaded adequately to establish the degree of fraud, mutual mistake of
fact or duress to prevent their ‘money had and received’ claims from being
barred by governmental immunity.”  See Tara Partners, 282 S.W.3d at
577–78 (holding plaintiffs’ claims for retrospective relief were barred because
plaintiffs pled no facts alleging water and sewer payments were made as a
result of fraud, mutual mistake of fact, or duress); Nivens, 245 S.W.3d
at 475 (same).  

During oral argument, appellants objected to this new
argument because Rosenberg’s plea to the jurisdiction made no mention of
appellants’ failure to plead fraud, mutual mistake of fact, or duress.  Appellants
requested an opportunity to amend their pleadings to cure these newly-contested
jurisdictional defects and argued alternatively that the pleadings sufficiently
show the Overcharges were paid due to either mutual mistake of fact or duress.[6]  See Tex.
A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 839–40 (Tex. 2007)
(determining that a plaintiff who loses a plea to the jurisdiction based on
sovereign immunity is entitled to remand for an opportunity to amend, so long
as any jurisdictional defects can be cured); Hull v. Davis, 211 S.W.3d
461, 463 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (stating plaintiff
should be afforded the opportunity to amend when there is a failure to plead
facts establishing jurisdiction and the pleadings do not demonstrate incurable
jurisdictional defects).  Because appellants have had no opportunity to respond
to Rosenberg’s new argument concerning governmental immunity and appellants’
equitable claims, we find that appellants should be given an opportunity to
amend their pleadings to reflect whether the Overcharges were paid as a result
of fraud, mutual mistake of fact, or duress.  See Koseoglu, 233 S.W.3d
at 839–40.  If appellants are unable to plead facts curing the jurisdictional
defects alleged by Rosenberg, appellants’ claims for retrospective relief will
be barred by governmental immunity and should be dismissed.  See Heinrich,
284 S.W.3d at 374–76, 380 (allowing plaintiff’s claims for prospective
declaratory and injunctive relief to go forward, but dismissing plaintiff’s
claims for retrospective claims for monetary relief because they were barred by
governmental immunity); Tara Partners, 282 S.W.3d at 575 (dismissing
plaintiffs’ claims for retrospective reimbursement of fees while remanding
plaintiffs’ claim for declaratory judgment).  We therefore remand for further
proceedings.  

                                                                                                                                                         
III.           
Conclusion

We conclude the trial court had jurisdiction over
appellants’ claims disputing Rosenberg’s imposition of water and sewer service
fees, appellants’ claims for declaratory relief related to Rosenberg’s
implementation and enforcement of its Code of Ordinances, appellants’ claims for
prospective injunctive relief related to Rosenberg’s water and sewer service
fees, and appellants’ claims for costs and attorney’s fees.  We further
conclude that appellants should be afforded an opportunity to amend their
pleadings to respond to Rosenberg’s new allegations that governmental immunity
bars any equitable retrospective recovery of the Overcharges because appellants
failed to plead that the Overcharges resulted from fraud, mutual mistake of
fact, or duress, whether express or implied.  

We therefore reverse the trial court’s order
dismissing appellants’ claims and remand for further proceedings consistent
with our opinion.  

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Brown, and Sullivan.









[1] See Tex. Water Code Ann. § 13.042
(Vernon 2008) (granting the TCEQ exclusive appellate jurisdiction “to review
orders or ordinances” under the Texas Water Code).





[2] Rosenberg asserted it was
protected by “sovereign immunity,” but any immunity enjoyed by Rosenberg would
derive from governmental immunity.  Sovereign immunity refers to the State’s
immunity from suit and liability and also protects various divisions of state
government.  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694
n.3 (Tex. 2003).  Governmental immunity protects political subdivisions of the
State, including counties, cities, and school districts.  Id.; see
also Carrasco v. City of Alvin, No. 14-06-00687-CV, 2007 WL 900790, at *2
(Tex. App.—Houston [14th Dist.] Mar. 27, 2007, no pet.) (mem. op.). 





[3] The Tara
plaintiffs alleged South Houston’s water and sewer rates were unlawful and
unconstitutional under Texas law and that the charged rates were unreasonable,
unjustified, arbitrary, and unreasonable.  Id. at 571.  The Tara
plaintiffs also sought declaratory judgments incorporating these allegations
and sought reimbursement of past payments.  Id.  





[4] Appellants’ equitable
claims for relief are based primarily on the doctrine of money had and
received, which rests on a premise that the plaintiff “paid money to the
defendant[], either by mistake or fraud, that, in equity or good conscience,
should be returned to the plaintiffs.”  Stonebridge Life Ins. Co. v. Pitts,
236 S.W.3d 201, 207 (Tex. 2007) (quoting Funliner of Ala., L.L.C. v. Pickard,
873 So.2d 198, 211 (Ala. 2003)); see also Hunt v. Baldwin, 68 S.W.3d
117, 132 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (“[Money had and
received] is an equitable doctrine applied to prevent unjust enrichment.”).  





[5] Rosenberg also argued
that appellants’ claims for costs and attorney’s fees are barred by
governmental immunity.  The DJA controverts this argument.  See Tex. Civ. Prac. & Rem. Code Ann. § 37.009
(Vernon 2008) (“In any proceeding under this chapter, the court may award costs
and reasonable and necessary attorney’s fees as are equitable and just.”); Tex.
Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994) (recognizing the
DJA waives governmental immunity from attorney’s fee awards).  





[6] Appellants argue Gatesco
and 2205 Ave. I paid the Overcharges from 1996–2008 based upon a mutual mistake
of fact because Rosenberg erroneously assumed that eight tenants were
simultaneously occupying the Property, a situation which appellants deny has
ever occurred.  2205 Ave. I argues it is currently paying more than the minimum
monthly rate under duress because failure to pay the fees could potentially
result in a fine or cessation of water and sewer services.  We decline to
address the merits of these claims as we find appellants should be given an
opportunity to amend their pleadings.